UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MARK E. BROWN                                                               PLAINTIFF

v.                                            CIVIL ACTION NO. 5:10-CV-P188-R

KENTUCKY STATE PENITENTIARY et al.                             DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Mark E. Brown, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff sues the Kentucky State Penitentiary (KSP) and, in their individual and official capacities, Chanin Hiland, ARNP at KSP; Mark Stiles, KSP nurse; and KSP Officer Eric Wright. Plaintiff alleges that on April 6, 2010, as he was going into the shower, he slipped on large amounts of water and soap suds and fell very hard on the "C Walk" floor. He states that the C Walk camera will show the accident. He further alleges that about five minutes into his shower he felt sharp pains in both knees and the top part of his back. He states that he got out of the shower to see how hurt he was and that his knees started to swell. He states that Defendant Wright witnessed the accident and that Plaintiff asked Defendant Wright repeatedly to see a nurse or doctor, but Defendant Wright refused. He next states that he showed Defendant Stiles and the night pill call nurse and other officers his knees but he was still denied medical treatment. Plaintiff alleges that on the next day he had to "pop" his right knee cap back in place. He states he continued to be denied medical services, and that on April 13, 2010, he stopped

Defendant Hiland with a "CPO" filled out to be treated by medical services but Defendant Hiland denied him medical treatment because she said his CPO was not filled out correctly, even though it was.

Plaintiff states that after he filled out another CPO, Defendant Hiland did a visual inspection of his knees and back on April 21, 2010. He states that when she asked him to squat his right knee popped "real loud." According to Plaintiff, Defendant Hiland told him that nothing was wrong with him. He asserts that he suffers from pain on a daily basis and from extreme emotional distress. As relief, Plaintiff wants monetary and punitive damages and injunctive relief in the form of x-rays and medical treatment for his alleged injuries.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claims against KSP and official-capacity claims*

Plaintiff sues KSP. To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. State agencies sued for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff also sues Defendants Hiland, Stiles, and Wright in their official capacity. Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, Plaintiff's claims for money damages from KSP and the state officers in their official capacities fail to allege cognizable claims under § 1983. *See Will*, 491 U.S. at 71. Moreover, KSP and Defendants Hiland, Stiles, and Wright in their official capacity are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will dismiss the claims for monetary relief pursuant to §§ 1915A(b)(1) and (b)(2).

However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10. The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach. There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983." *Id.* at 757. Along with monetary damages, Plaintiff's complaint requests prospective injunctive relief in the form of treatment. Consequently, Plaintiff's § 1983 action, insofar as it is for injunctive relief against Defendants Hiland, Stiles, and Wright in their official capacity, is not barred by the Eleventh

3

Amendment's grant of sovereign immunity. The Court therefore will allow those claims to proceed.

*Individual-capacity claims*

The Court will allow Plaintiff's individual-capacity claims against Defendants Hiland, Stiles, and Wright for monetary damages and injunctive relief to go forward.

## III. CONCLUSION

By separate Order, the Court will dismiss all claims against KSP and the official-capacity claims against the other Defendants for monetary damages. The Court will enter a Scheduling Order to govern the development of the remaining claims. In allowing those claims to go forward, the Court expresses no opinion on their ultimate merit.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009