UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MARK E. BROWN                                                PLAINTIFF

v.                                            CIVIL ACTION NO. 5:10CV-P188-R

KENTUCKY STATE PENITENTIARY et al.                         DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Mark E. Brown has filed a motion seeking to be allowed to sue the Kentucky State Penitentiary (KSP) in its individual capacity (DN 19). He argues that under Supreme Court precedent KSP may be sued in its individual capacity for injunctive relief. He also has filed two other motions to add KSP as a defendant in its individual capacity (DNs 21 and 30).

On initial review, the Court dismissed Plaintiff's claims against KSP and against Defendants Hiland, Stiles, and Wright in their official capacity. However, the Court allowed the claims against Defendants Hiland, Stiles, and Wright in their individual capacities.

As the Court explained on initial review, to state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. State agencies sued for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims for money damages from KSP and the state officers in their official capacities fail to allege cognizable claims under § 1983. *See Will*, 491 U.S. at 71. Moreover, KSP and Defendants Hiland, Stiles, and Wright in their official capacity are immune from monetary damages under the Eleventh Amendment. *See id.* However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated

as actions against the State." *Will*, 491 U.S. at 71 n.10. Along with monetary damages, Plaintiff's complaint requests prospective injunctive relief in the form of treatment. Consequently, Plaintiff's § 1983 action, insofar as it is for injunctive relief against Defendants Hiland, Stiles, and Wright in their official capacity, is not barred by the Eleventh Amendment's grant of sovereign immunity. The Court therefore allowed those claims to proceed. The Court also allowed the claims against Defendants Hiland, Stiles, and Wright for monetary damages and injunctive relief to proceed. Those, should Plaintiff's claims prove successful, he could be awarded both injunctive and monetary relief.

Therefore,

**IT IS ORDERED** that Plaintiff's motions to add KSP as a Defendant in its "individual capacity" (DNs 19, 21 and 30) are **DENIED**.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4414.009