UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MARK E. BROWN                                                                   PLAINTIFF

v.                                                  CIVIL ACTION NO. 5:10CV-P188-R

KENTUCKY STATE PENITENTIARY et al.                           DEFENDANTS

**MEMORANDUM AND ORDER**

Plaintiff Mark E. Brown has filed a motion for leave to amend his complaint to add Kentucky State Penitentiary (KSP) Warden Phillip Parker and Commissioner LaDonna H. Thompson as Defendants in this action (DN 24). He also has filed a motion for leave to amend his complaint to add Medical Director Scott A. Haas, M.D., as a Defendant (DN 27). For the following reasons, these motions will be denied.

Under the Federal Rules of Civil Procedure, a district court should freely grant a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny a plaintiff leave to amend his or her complaint, however, when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006).

With regard to Warden Parker, Plaintiff asserts that, as warden of KSP, Parker is responsible for the operation of KSP and the welfare of the inmates there. Plaintiff states that after he was injured in an accident on April 6, 2010, he asked Parker "for help through a appeal and was denied help of medical treatment." He also states that he asked Parker through an "appeal filed on Sept. 20th 2010 to correct and fix the mistakes of denied medical treatment," but that Parker agreed with the Health Care Grievance Committee. One of the attachments to his complaint is a letter to Parker dated September 20, 2010, in which Plaintiff stated that he wished to appeal the Health Care Grievance

Final Administrative Review Decision.  Also attached is a September 23, 2010, response from Robert Roberts, Programs Directors/Grievance Coordinator, explaining that the letter to the Warden had been forwarded to him because, once the Health Care Grievance has been reviewed by Dr. Haas, the Administrative Remedies are exhausted and there is no further appeal process.

With regard to Commissioner Thompson, Plaintiff alleges that as Commissioner of the Kentucky Department of Corrections (DOC), she is legally responsible for the DOC and each institution within its jurisdiction.  He states that after his accident he asked Thompson for help through an appeal and was denied.  He states that Thompson stated through Ombudsman John M. Dunn that Health Care grievances go through the Health Services Department and that Dr. Haas is the final administrative review for these grievances.  He also alleges that both Parker and Thompson are liable to him because they were both grossly negligent in managing Defendants.  Attached to his complaint is a letter to Commissioner Thompson with a similar purpose as the one he had written to Warden Parker, and with a response from John Dunn, Ombudsman, explaining that the Health Care grievances go through the Health Services Department and Dr. Haas is the final administrative review for these grievances.

With regard to Dr. Haas, Plaintiff asserts that, as Medical Director, Dr. Haas is responsible for the welfare of all the inmates.[1]  He states that he sought through an appeal to Dr. Haas to have him fix the mistakes of Defendants concerning his medical care after his accident.  Plaintiff asserts that therefore Dr. Haas knew of his serious medical needs and failed to respond reasonably to them, thereby violating his constitutional rights.  He also asserts that Dr. Haas was "grossly negligent" in

---

[1] One of the attachments to his complaint is a Health Care Grievance Final Administrative Review decision dated June 10, 2010, signed by Dr. Haas as the Medical Director, in which Dr. Haas concurred with the findings of the Health Care Grievance Committee.

managing Defendants.

"Respondeat superior[2] is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct." *Id.* (internal quotations omitted). "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). In other words, "liability under § 1983 must be based on active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability." *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003). Even if Parker, as Warden, Thompson as Commissioner, and Dr. Haas, as Medical Director, were aware of Plaintiff's complaints, such information is not enough to subject them to liability under § 1983 for Plaintiff's medical providers' failure to provide Plaintiff with the type of treatment he desired. *See*, *e.g.*, *Pounds v. Myers*, 76 F. App'x 630, 632 (6th Cir. 2003) ("The district court properly concluded that the named defendants-the warden, associate warden, hospital administrator, and commissioner-could not be held liable merely on the basis that they failed to remedy a grievance presented by Pounds."); *Roark v. Robertson*, No. 5:10CV-P147-R, 2010 WL 5092776, at *2 (W.D. Ky. Dec. 7, 2010) ("Defendant Thompson's position as Commissioner of the Kentucky Department

---

[2]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

3

of Corrections does not automatically make her liable for the actions/inactions of her subordinates."); *Brown v. Green*, No. 97-1117, 1997 WL 777979, at *2 (6th Cir. Dec. 12, 1997) ("Defendant Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff).

Nor does Dr. Haas' adjudication of Plaintiff's medical grievances subject him to liability under § 1983. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d at 300). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004)

("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment. *Id.*

Because it would be futile for Plaintiff to amend his complaint to add his claims against Parker, Thompson, and Dr. Haas,

**IT IS ORDERED** that Plaintiff's motions for leave to amend the complaint (DNs 24 and 27) are **DENIED**.

Date:


cc: Plaintiff, *pro se*
       Counsel of record
4414.009

5