UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MARK E. BROWN                                                                        PLAINTIFF

v.                                         CIVIL ACTION NO. 5:10CV-P188-R

KENTUCKY STATE PENITENTIARY et al.                           DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Mark E. Brown has filed motions seeking the appointment of counsel and medical treatment (DNs 13 and 18). He states that he is not an attorney and lacks sufficient knowledge to represent himself. He also asserts that because he is incarcerated he is unable to conduct any investigation and that he lacks the funds to hire an attorney. He also asserts that his civil action claim "creates a specific entitlement to appointment of counsel."

In a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Title 28, United States Code, section 1915(e)(1) indicates that court-enlisted assistance of counsel is not mandatory, but merely a matter of discretion. *See Martin v. Harvey*, 14 F. App'x 307, 310 (6th Cir. 2001). Furthermore, appointment of counsel is justified only in exceptional circumstances. *Lavado*, 992 F.2d at 606. The relevant factors that must be looked at in determining if exceptional circumstances exist are the complexity of the issues involved and the ability of the plaintiff to represent himself. *Id.*

The Court finds that the complexity of the legal issues in this case does not necessitate the appointment of counsel. Further, based on the pleadings filed thus far, it appears that Plaintiff is familiar with the workings of the legal system and able to sufficiently represent himself at this time.

Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time.

Plaintiff also asserts in those motions that he is entitled "quick medical treatment on all injuries sustained on accident date." He asks for the Court to order Kentucky State Reformatory to provide him treatment or that he be taken for outside hospital medical treatment from a qualified back doctor and knee specialist. He appears to request this action, in part so that he can find "the real damages of the injuries and to what extent his civil action claim case should be so the Plaintiff will have material evidence and doctors statements to prove the Plaintiff's civil action claim case."

To the extent that Plaintiff is asking for preliminary injunctive relief to provide him with treatment, "[t]he general function of a preliminary injunction is to maintain the status quo pending determination of an action on its merits." *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir. 1976). A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984).

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Prod.*, 134 F.3d 749, 753 (6th Cir. 1998).

The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

Here, Plaintiff is asking this Court to exercise medical judgment by ordering him to be seen by outside specialists. Courts generally do not intervene in questions of medical judgment. *See Youngberg v. Romeo*, 457 U.S. 307, 321 (1982) (observing in the context of the treatment of an involuntarily committed mentally retarded individual that, "the Constitution only requires that the courts make certain that professional judgment in fact was exercised" and that "[i]t is not appropriate for the courts to specify which of several professionally acceptable choices should have been made") (internal quotation marks omitted); *see also Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("[F]ederal courts are generally reluctant to second guess medical judgments."). It is not appropriate for this Court to direct Plaintiff's medical providers in matters of medical judgment, such as visiting a particular specialist.

Furthermore, public interest favors deference to prison officials and medical personnel in their operation of the state's correctional facilities. Prisoners should not dictate the day-to-day operation of the prison, which, in this case, includes the prisoner's demand for particular physicians. As one court observed, "[t]he Constitution decidedly does not require states to make prisons comfortable, and a prison sentence is not a voucher for free health care on demand." *Lee v. Beard*, No. 4:CV-03-1026, 2008 WL 744736 at *8 (M.D. Pa. Mar. 18, 2008). Therefore, to the extent Plaintiff is seeking preliminary injunctive relief relating to his medical treatment, the Court will deny that request.

To the extent that Plaintiff appears to be asking for the appointment of a medical expert to

assist in the development of his case, the Court will deny that request as well. First, Plaintiff, who is proceeding *in forma pauperis*, is not entitled to the appointment of an expert witness at court expense. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). The plain language of 28 U.S.C. § 1915, the *in forma pauperis* statute, does not authorize a district court to waive fees or expenses paid to witnesses. *See id.* at 211-12. Federal Rule of Evidence 706(a) does authorize the district court to appoint an expert to aid the court. *See Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008) (affirming district court's refusal to appoint expert witness for *pro se* prisoner alleging inadequate medical care); *see also Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (upholding district court's decision to appoint independent expert to assist court in evaluating "confusing and conflicting" evidence regarding fibromyalgia). At present, the Court is not in need of expert assistance. Should such a need arise in the future, the Court *sua sponte* will order the parties to show cause why an expert witness should not be appointed. *See* Fed. R. Civ. P. 706(a).

Therefore,

**IT IS ORDERED** that Plaintiff's motions (DNs 13 and 18) are **DENIED**.

Date:


cc: Plaintiff, *pro se*
  Counsel of record
4414.009