UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MARK E. BROWN                                                                                    PLAINTIFF

v.                                                                           CIVIL ACTION NO. 5:10CV-P188-R

KENTUCKY STATE PENITENTIARY et al.                                                DEFENDANTS

## MEMORANDUM AND ORDER

Plaintiff Mark E. Brown has filed a motion for protective order (DN 29). He alleges that he needs such an order "as <u>insurance</u> here at Kentucky State Penitentiary to the <u>serious</u> and <u>extreme</u> measures of Plaintiff's civil action lawsuit." He asserts that there have been numerous small verbal accusations against Plaintiff by staff and other inmates. Therefore he asks for injunctive relief prohibiting the "use of unnecessary physical force, mace, any restraints, any smart remarks," or harassment.

The Court interprets Plaintiff's motion as a motion for preliminary injunction. "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002). "There are four factors that are particularly important in determining whether a preliminary injunction is proper: (1) the likelihood of the plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served." *Int'l Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir. 1991). The Court must balance these four criteria, with the degree of proof necessary for each factor depending on the strength of Plaintiff's case on the other factors. *Golden v.*

*Kelsey-Hayes Co.*, 73 F.3d 648, 657 (6th Cir. 1996).  The district court is required to make findings concerning all four of these factors unless fewer factors dispose of the issue.  *Int'l Longshoremen's Ass'n*, 927 F.2d at 903.

The Court will consider the second of the four preliminary injunction factors first since a specific finding of irreparable injury to the movant is the single most important element which a court must examine when evaluating a motion for a preliminary injunction.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (remedy of preliminary injunction is unavailable absent showing of irreparable injury); *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 102-03 (6th Cir. 1982).  To demonstrate irreparable harm, the plaintiff must show "'actual and imminent' harm rather than harm that is speculative or unsubstantiated."  *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006).  Plaintiff's allegation of harm by Defendants is purely speculative, and "[t]he speculative nature of [Plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled."  *Lyons*, 461 U.S. at 111.  Because Plaintiff has not shown irreparable harm, a preliminary injunction is not warranted.  *See Friendship Materials, Inc.*, 679 F.2d at 103.

Consequently, the Court **DENIES** Plaintiff's motion (DN 29).

Date:


cc: Plaintiff, *pro se*
      Counsel of record
4414.009