# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

MARK E. BROWN                                                                                PLAINTIFF

v.                                                           CIVIL ACTION NO. 5:10CV-P188-R

KENTUCKY STATE PENITENTIARY et al.                           DEFENDANTS

## MEMORANDUM AND ORDER

On the same date that the Court denied Plaintiff's first motion for appointment of counsel, Plaintiff Mark E. Brown filed another motion seeking the appointment of counsel (DN 48). He states that he is trying his best to find an attorney to represent him on a contingent-fee basis and that he cannot afford to retain counsel otherwise because he is indigent. He attaches as an exhibit a letter to him from Michael P. Sullivan, Esq., who explains that he cannot handle Plaintiff's case as it is outside of his area of practice.

As the Court explained in its ruling on Plaintiff's first motion, appointment of counsel is not a constitutional right in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Appointment of counsel is justified only in exceptional circumstances. *Id.* at 606. The relevant factors that must be looked at in determining if exceptional circumstances exist are the complexity of the issues involved and the ability of the plaintiff to represent himself. *Id.*

For the same reasons that the Court denied Plaintiff's initial motion for appointment of counsel, the Court finds that denial is warranted again. The complexity of the legal issues in this case does not necessitate the appointment of counsel, and, based on the pleadings filed thus far, it

appears that Plaintiff is familiar with the workings of the legal system and able to sufficiently represent himself at this time. Therefore,

**IT IS ORDERED** that Plaintiff's motion (DN 48) is **DENIED**.

Date:


cc: Plaintiff, *pro se*
 Counsel of record
4414.009