UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MARK E. BROWN                                                                                      PLAINTIFF

v.                                                                       CIVIL ACTION NO. 5:10-CV-P188-R

KENTUCKY STATE PENITENTIARY et al.                                                         DEFENDANTS

**MEMORANDUM AND ORDER**

Plaintiff has filed two motions for interlocutory appeals (DNs 61 and 74). In his first motion, he states that he wishes to appeal interlocutorily this Court's denial of his motions for appointment of counsel, for medical treatment for his injuries, and for leave to file an amended complaint.[1] He asserts that his denied motions may be appealed pursuant to 28 U.S.C. § 1292(b) because the "orders denying all motions involves a controlling question of law on which there is substantial grounds for difference of opinion in this civil action case." In his second motion for interlocutory appeal (DN 74), Plaintiff states that he wishes to appeal this Court's May 5, 2011, denial of his motion for default judgment against Defendant Stiles.

Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however,

---

[1] On April 13, 2011, this Court entered an order denying Plaintiff's motions to add the Kentucky State Penitentiary (KSP) as a Defendant (DN 44), denying Plaintiff's motions to amend his complaint (DN 45), denying Plaintiff's motions for appointment of counsel (DN 46), and denying his motion for protective order (DN 47).

> That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

To obtain permission to appeal pursuant to § 1292(b), the Sixth Circuit has held that the movant "must show that: (1) the question involved is one of law; (2) the question is controlling; (3) there is substantial ground for difference of opinion respecting the correctness of the district court's decision; and (4) an immediate appeal would materially advance the ultimate termination of the litigation." *Vitols v. Citizens Banking Co.*, 984 F.2d 168, 170 (6th Cir. 1993) (per curiam). The Sixth Circuit has noted that "[c]ertification of an order under § 1292(b) is discretionary with the district court and is not subject to review." *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 471 n.2 (6th Cir. 2006).

Section 1292(b) certification "should be sparingly granted and then only in exceptional cases." *Vitols*, 984 F.2d at 170. Interlocutory appeals in the federal system are disfavored. *JP Morgan Chase Bank v. First Am. Title Ins. Co.*, 725 F. Supp. 2d 619, 624 (E.D. Mich. 2010). "'Routine resort to § 1292(b) requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule.'" *Id.* (quoting *Caterpillar v. Lewis*, 519 U.S. 61, 74 (1996)).

Here, although Plaintiff asserts that the "orders denying all motions involves a controlling question of law on which there is substantial grounds for difference of opinion in this civil action case," he does not show that they involve an issue or issues that are "difficult and of first impression," or that a difference of opinion exists within the Sixth Circuit, or that "the circuits are split on the issue." *Gaylord Entm't Co. v. Gilmore Entm't Group*, 187 F. Supp. 2d 926, 956 (M.D. Tenn. 2001) (stating "substantial grounds for a difference of opinion exist when

(1) the issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue"). The Order denying Plaintiff's motion to add KSP as a Defendant in its individual capacity was based on clear law that state agencies sued for money damages are not "persons" subject to suit under 42 U.S.C. § 1983. The Order denying Plaintiff's motions to amend to add KSP Warden Philip Parker, Commissioner LaDonna Thompson, and Dr. Haas as Defendants was based on the fact that such amendments would be futile: *Respondeat superior* is not a proper basis for liability under § 1983, and, in the case of Dr. Haas, merely adjudicating medical grievances does not impart § 1983 liability.

Plaintiff's motion to have counsel appointed to him was a matter left to the sound discretion of this Court, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987), and the denial of such would not be appropriate for certification under § 1292(b). *See In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002) (Sixth Circuit stated, "[a] legal question of the type envisioned in § 1292(b) [ ] generally does not include matters within the discretion of the trial court").

With regard to Plaintiff's motions for a protective order and for medical treatment, the Court considered those to be motions for preliminary injunctions, and denied them. The disposition of motions for injunctive relief is immediately appealable. *See* 28 U.S.C. § 1292(a); *Johnson v. Caruso*, No. 00-1367, 2000 WL 1827972 (6th Cir. Dec. 4, 2000). Plaintiff filed a notice of appeal which was docketed in the Sixth Circuit Court of Appeals on May 6, 2011, and is pending there (Appeal No. 11-5619).[2]

---

[2] This Court has jurisdiction to continue with the action despite Plaintiff having filed an appeal from the denial of his motions for preliminary injunction. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995) (citing 9 M. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11, at 3-54 (2d ed. 1989); *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528-29 (6th Cir. 1992); *Branham v. Spurgis*, 720 F. Supp. 605, 607 n.2 (W.D.

For the foregoing reasons, Plaintiff's motions for an interlocutory appeal (DNs 61 and 74) are **DENIED**.

Date:

cc: Plaintiff, *pro se*
    Counsel of record
4413.009

---

Mich. 1989)).