UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MARK E. BROWN                                                         PLAINTIFF

v.                                                   CIVIL ACTION NO. 5:10-CV-P188-R

KENTUCKY STATE PENITENTIARY et al.                             DEFENDANTS

**MEMORANDUM AND ORDER**

      Plaintiff has filed a motion for this Court to reconsider its (1) rulings on whether to allow Plaintiff to amend his complaint to add as Defendants Warden Philip Parker, Commissioner LaDonna Thompson, Medical Director Scott Haas, and the Kentucky State Penitentiary (KSP) in their individual capacities; (2) denial of his motions for the appointment of counsel; and (3) denial of his motions for injunctive relief in the form of medical treatment (DN 51). He argues that Parker, Thompson, and Haas can be liable because they made or carried out a policy or practice that lead to the alleged constitutional violation. He also argues that these individuals as well as KSP may be held liable under the theory of *respondeat superior* under the following theories: (1) they learned of the constitutional violations via grievances and appeals filed by Plaintiff and failed to do anything to fix the problem; (2) they created a policy and/or custom allowing the denial of medical treatment or encouraging illegal acts; or (3) they were so grossly negligent in managing officers that they violated Plaintiff's constitutional rights.[1]

      In his motion for leave to amend to add as Defendants Parker and Thompson, DN 24,

---

[1] He also asserts that he has an absolute right to amend his complaint under Rules 15(a) and 19(a) of the Federal Rules of Civil Procedure. First, Rule 15(a) provides that a party may amend once as a matter of course within certain time frames. Here, Plaintiff has filed multiple motions to amend. Second, even were an amendment to a complaint accepted, such amendment would have to withstand screening under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Where a motion or motions to amend seek to add claims that would not withstand initial screening, amendment is futile.

Plaintiff did allege that Parker and Thompson "created a custom of allowing and encouraging the illegal acts of denied medical treatment . . . which makes them both . . . liable and responsible." He also asserted that Parker and Thompson were "both grossly negligent in managing [Defendants] and K.S.P. which makes them both . . . liable and responsible." However, he offered no facts to support these conclusion. Nor does he now.

As this Court explained in its prior Order, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1948 (2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

Plaintiff's proposed amended complaint to add Parker and Thompson does not meet his obligation to provide the grounds for relief. It speaks in unacceptably general terms and offers no facts that would support a claim relating to a policy. Plaintiff's proposed amended complaint does not explain what "active unconstitutional behavior" they took. Simply alleging that they were grossly negligent or created a custom does not fit the bill. *See Bilder v. City of Akron*, No. 92–4310, 1993 WL 394595, at *2 (6th Cir. 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts

2

tending to support the allegation). A plaintiff fails to state an adequate claim for relief if his allegations are premised upon mere conclusions and opinions, which is all that Plaintiff's proposed amended complaint offered. *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (conclusory allegations of unconstitutional conduct without specific facts fail to state a claim).

With regard to Plaintiff's desire to have Haas added as a Defendant, in his proposed amended complaint (DN 27), Plaintiff only pointed to Haas's denials of his medical appeals. A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. "Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged denial of medical treatment. *Id.*

Finally, with regard to his desire to have KSP added as a Defendant in its individual capacity, such is not possible, and, therefore, it would be futile to allow such an amendment. KSP, an institution, does not have an "individual capacity." *See Fletcher v. Mich. Dep't of Corr.*, No. 09-CV-13904, 2010 WL 1286310, at *3 n.5 (E.D. Mich. Mar. 30, 2010) ("It is true that Plaintiff's general assertion that he is suing every Defendant in their individual and official capacity does not make sense because some of the Defendants are government entities incapable of being sued in an individual capacity."); *Woods v. Goord*, No. 01 CIV. 3255, 2002 WL 731691, at *3 n.7 (S.D.N.Y. Apr. 23, 2002) (dismissing claims against state agencies in their "individual capacities" for failure to state a claim).

Plaintiff argues that the Court has abused its discretion in not appointing counsel. He argues that his imprisonment will greatly limit his ability to litigate; the issues in his case are complex, requiring significant research and investigation; and that he has limited access to the law library and limited knowledge of the law. He further argues that trial of this case will likely involve conflicting testimony and counsel would be better able to present evidence and cross-examine witnesses. As the Court has explained twice before in ruling on Plaintiff's motions, appointment of counsel is not a constitutional right in a civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Appointment of counsel is justified only in exceptional circumstances. *Id.* at 606. The relevant factors that must be looked at in determining if exceptional circumstances exist are the complexity of the issues involved and the ability of the plaintiff to represent himself. *Id.*

For the same reasons that the Court denied Plaintiff's motions for appointment of counsel, the Court finds that reconsideration of its denials is not warranted. The legal issues in this case are not complex and do not necessitate the appointment of counsel. Plaintiff is articulate and clearly diligent in pursuing this case. He gives every indication of being familiar with the workings of the legal system and able to sufficiently represent himself at this time.

Finally, Plaintiff argues that his claims for injunctive relief are authorized by 28 U.S.C. §§ 2283 and 2284 and Fed. R. Civ. P. 65. The district court's grant of preliminary injunctions and temporary restraining orders is authorized in Rule 65. Nothing in that Rule requires the issuance of a preliminary injunction or temporary restraining order in this case. Sections 2283 and 2284 are inapplicable here. Section 2283 involves when a district court can issue a stay of state court proceedings. Section 2284 governs when a three-judge court shall be convened.

**IT IS ORDERED** that Plaintiff's motion to reconsider (DN 51) is **DENIED**.

Plaintiff also filed a "Motion to Alter the Judgment" seeking to reverse and/or amend the "judgments" of the Court which denied his motions for appointment of counsel, for medical treatment, and for leave to amend his complaint (DN 56). He cites Fed. R. Civ. P. 59(e), and reiterates the arguments he made in his motion to reconsider. This Rule is inapplicable as it concerns only final judgments. *WSM, Inc. v. Wheeler Media Servs., Inc.*, 810 F.2d 113, 115 n.2 (6th Cir. 1987). Accordingly,

**IT IS ORDERED** that Plaintiff's motion (DN 56) is **DENIED**.

Date:

cc:  Plaintiff, *pro se*
      Counsel of record
4413.009