UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:10-CV-188

**MARK E. BROWN**                                                                  **PLAINTIFF**

v.

**KENTUCKY STATE PENITENTIARY,** *et al.*                                      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court upon the parties' competing Motions for Summary Judgment. Defendants Hiland and Wright first moved for summary judgment on May 26, 2011. DN 71. The Plaintiff did not responded to that motion. On October 27, 2011, the Plaintiff filed his own motion for summary judgment. DN 131. Defendants Hiland and Wright responded. DN 132. Finally, Defendant Stiles moved for summary judgment on December 6, 2011. DN 145. The Plaintiff has responded. DN 147. This matter is now ripe for adjudication. Because the motions address issues arising from the same set of facts and circumstances, the Court addresses them jointly. For the following reasons, the Defendants' motions are GRANTED.

**BACKGROUND**

Plaintiff Mark Brown ("Brown") is an inmate at the Kentucky State Penitentiary in Eddyville, Kentucky. Brown filed suit in this case under 42 U.S.C. § 1983 and alleges that Defendants Hiland, Wright, and Stiles ("Defendants") violated the protections afforded to him by the Eighth Amendment. Compl., DN 1, p. 10. In addition to the Eighth Amendment causes of action, Brown claims to have suffered form the intentional infliction of emotional distress at the hands of the Defendants.

Brown claims that the Defendants were deliberately indifferent to serious injuries he

sustained in an accident at the prison on April 6, 2010.  On that date, Brown alleges that he slipped and fell during or on his way to the shower and suffered injuries to his knees and back because of the fall.  Brown claims that the medical staff at the prison was deliberately indifferent to his requests for medical attention and that the denial of treatment caused his injuries to become worse.  *Id.* at p. 9.

The Defendants have moved for summary judgment on grounds that they were not deliberately indifferent to Brown's injuries, and that Brown has not produced evidence showing a delay in treatment by the Defendants caused his injuries to worsen.

## STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case.  *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly

supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Brown seeks to recover from the Defendants in their individual capacities for deliberately indifferent medical care, for a delay in care which caused his injuries to worsen, and for the intentional infliction of emotional distress. The Court will address each of these arguments in turn.

### I. Deliberately Indifferent Medical Care.

Brown claims that the Defendants were deliberately indifferent to serious injuries he sustained to his knees and back as the result of a shower slip and fall on April 6, 2010. If true, this would be a violation of the Eighth Amendment. To establish a § 1983 cause of action under the Eighth Amendment, a plaintiff must demonstrate that the prison staff acted with "deliberate indifference" toward his medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In *Jones v. Muskegon County*, the Sixth Circuit Court of Appeals described the components of an Eighth Amendment deliberate indifference claim:

> A Section 1983 claim asserting a constitutional violation for denial of medical care has objective and subjective components. The objective component requires the existence of a sufficiently serious medical need. Such a medical need has been defined as one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. The subjective element requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care.

*Jones v. Muskegon Cnty*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotation marks and citations omitted). Thus, deliberately indifferent medical care is judged objectively and

3

subjectively. Under the objective prong, the medical need must be one that would be "'obvious even to a lay person.'" *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) (quoting *Blackmore v. Kalamazoo Cnty*, 390 F.3d 890, 897 (6th Cir. 2004)). Under the subjective prong, the inmate must demonstrate that the official knew and disregarded an excessive risk to the inmate's health and safety. *Id.* It should be noted, however, that an accident, "inadvertent failure to provide adequate medical care," or an act of negligence does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. Brown has failed to put forth evidence upon which the trier of fact could reasonably find that the objective and subjective prongs of the deliberate indifference test are present in this case.

The evidence shows that there can be no genuine dispute regarding whether Brown suffered a medical need that was sufficiently serious to satisfy the objective prong of the deliberate indifference test. As of the date of his motion for summary judgment, Brown claims that he "has not been provided with any medical treatment for his two knees and significant top back (neck) injuries and [he] continues to be denied medical treatment to this very date." Pl.'s Mot. Summ. J., DN 131-1, p. 7. These claims are not supported by the medical records submitted at the various stages of this litigation, including those attached to Brown's complaint. Brown fell in the shower on April 6, 2010, and was examined by Nurse Mark Stiles one day later on April 7, 2010. DN 1-1, p. 7. Stiles reported a "negative finding on the exam." *Id.* According to Stiles's report, Brown complained that his knee was swollen, "but there was no apparent swelling obvious." DN 145-4, p. 1. Stiles also informed the prison's doctor, Dr. Hiland, of the situation but received no instructions regarding further treatment. DN 1-1, p. 7; DN 145-4, p. 1 On the same day as Stiles's exam, Brown received a second examination from

4

Nurse Debra Prather.  DN 1-1, p. 7, DN 145-1, p. 2.  She reported hearing a "popping sound" when Brown moved his knees but otherwise found no injuries requiring treatment.  DN 1-1, p. 7. On April 14, 2010, a week after the fall, Brown was given Tylenol for back and knee pain by Nurse Scott Turnbow, but no other injuries requiring medical treatment were recorded.  *Id.*  On the same day, Defendant Hiland reported that the correctional officers found that "[Brown] is still ambulating well and does not appear in the amount of distress he describes in [his] grievance."  *Id.*  Nurse Terri Jones recorded Brown's condition on April 21, 2010, about two weeks after the fall.  Although Brown continued to complain of neck and knee pain, he was able to touch his toes and perform a squat without signs or symptoms of pain and also had a full range of motion in his arms.  DN 145-5, p. 5.  On June 12, 2010, Nurse Jim Royster was called to Brown's cell.  Upon arriving, Brown was lying on his bunk bed but "stands and ambulates with no difficulty."  *Id.* at p. 9.  Finally, on June 14, 2010, Defendant Hiland recorded that Brown was still complaining of pain in his lower extremities but was "just examined recently by Dr. Hiland who did not note any serious medial conditions on the visit."  Furthermore, it was Defendant Hiland's "opinion that [Brown's] symptoms are in his mind, not part of any medical condition." *Id.* at p. 8.  This cumulative evidence, submitted by Brown along with his complaint and with the Defendants' motions for summary judgment, shows that there is no genuine dispute as to whether Brown suffered a sufficiently serious medical need under the objective prong of the deliberate indifference test.  There is nothing in these records to suggest that Brown suffered from an injury that even a lay person would recognize as requiring treatment as a result of his fall.  After the fall, he was examined on at least six different occasions by the prison's medical staff and none of the staff reported that the Plaintiff suffered from objective injuries requiring

medical care.

Even if Brown had objectively demonstrated a sufficiently serious medical need, his Eighth Amendment claim would still fail because he has presented no evidence that would raise a genuine dispute regarding the subjective prong of the deliberate indifference test. The subjective component requires evidence that the offending conduct was wanton in nature. In discussing the subjective component of deliberate indifference, the Sixth Circuit said:

> Officials may be shown to be deliberately indifferent to such serious needs without evidence of conscious intent to inflict pain. However, the serious conduct for which liability attaches must be more culpable than mere negligence; it must demonstrate deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference.

*Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted), *cert. denied*, 513 U.S. 873 (1994). As stated above, Brown has not shown that he had serious medical needs, and there is no showing that the Defendants knew of and consciously disregarded those needs with a "deliberateness tantamount to intent to punish." *Id.* In fact, the record shows just the opposite, that Brown received treatment on numerous occasions. Simply stated, Brown has failed to put forth any evidence that would raise a genuine dispute about whether the Defendants were sufficiently culpable under the subjective component of the deliberate indifference test.

Because Brown has failed to put forth evidence of a sufficiently serious medical need or the Defendants' deliberate indifference toward that need, the Court will grant summary judgment to the Defendants on this issue.

### II. Delay in Treatment Causing Detrimental Health Effects.

In addition to a claim for deliberate indifference, Brown claims that his injuries became worse when the Defendants delayed treatment or did not provide the treatment that Brown

wanted to receive.  The Sixth Circuit has cautioned that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).  The records detailed above demonstrate that Brown received treatment for any injuries he suffered as the result of his slip and fall in the shower.  The Court will not second guess those courses of treatment nor raise them to the level of a constitutional violation.

Furthermore, "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (citation omitted).  The record does not show that the Defendants delayed treating Brown's injuries.  Furthermore, Brown has not placed any evidence into the record that would tend to raise a genuine dispute as to whether the Defendants' delay aggravated his injuries or caused them to become worse.  There is no genuine dispute as to any material fact regarding Defendants' alleged, but unproven, delay in treating Brown's injuries.  As a result, the Defendants will be granted summary judgment on the issue of any injuries Brown suffered as a result of a delay in treatment.

### III. Intentional Infliction of Emotional Distress.

Although it is not entirely clear from his pleadings, it appears that, in addition to his Eighth Amendment claims, Brown filed a claim for the intentional infliction of emotional distress ("IIED") by the Defendants.  The factual basis for Brown's IIED claim is the same series of events described above, namely that he did not receive medical care subsequent to his slip

and fall and during the events thereafter.

The intentional infliction of emotional distress is a state law tort claim, and this Court has supplemental jurisdiction over the claim pursuant to 28 U.S.C. § 1367. Kentucky has adopted the Restatement (Second) of Torts position on IIED claims. *See Craft v. Rice*, 671 S.W.2d 247, 251 (Ky. 1984) (adopting Restatement (Second) of Torts § 46 into Kentucky law). The Restatement advises, "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." RESTATEMENT (SECOND) OF TORTS § 46(1) (1965). In Kentucky, a prima facie case of IIED requires that:

1) the wrongdoer's conduct must be intentional or reckless;

2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;

3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and

4) the emotional distress must be severe.

*Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (citing *Humana of Ky. v. Seitz*, 796 S.W.2d 1, 2-3 (Ky. 1990)); *Osborne v. Payne*, 31 S.W.3d 911, 913-14 (Ky. 2000).

Brown has failed to submit evidence that would support any of the elements of his cause of action for IIED. Brown has not shown that the Defendants' conduct was "intentional," "outrageous and intolerable," or that there was a causal connection between the Defendants' conduct and his emotional distress. Additionally there has been no showing that Brown suffered from severe emotional distress. Simply because Brown asserts that he suffered such stress does not make it so.

8

> It is only where [emotional disress] is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.

RESTATEMENT (SECOND) OF TORTS § 46 cmt. j. (1965).

Brown has made no showing that the actions by the Defendants or any other facts of this case would rise to the level of IIED. The standard for establishing an IIED claim is high, and Brown has not asserts facts or presented evidence that would lift him over this substantial hurdle. The Defendants will be granted summary judgment on the issue of intentional infliction of emotional distress.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is DENIED and the Defendants' Motions for Summary Judgment are GRANTED. An appropriate order shall issue.